UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID STASIOR,<br><br>             Petitioner,<br><br>v.<br><br>KIMO ELRAHEB,<br>*Acting Warden of Federal Medical Center Devens,*<br><br>             Respondent. | Civil Action No. 20-cv-11278-WGY |

**RESPONDENT'S MOTION TO DISMISS EMERGENCY PETITION FOR
WRIT OF HABEAS CORPUS AND/OR RELIEF UNDER THE CARES ACT
AND FOR IMMEDIATE RELEASE ON BAIL**

Petitioner David Stasior ("Petitioner") has filed an *Emergency Petition for Writ of Habeas Corpus and/or for Relief Under The CARES Act and for Immediate Release on Bail* ("Petition"), seeking release from custody or a modification of his prison sentence to home confinement, and during the pendency of the effectuation of such relief, for immediate release with bail conditions. Petition, ECF No. 1, at ¶¶ 1, 3; ECF No. 4, at ¶¶ 1, 3. Although Petitioner's claims artfully avoid using the phrases "living conditions" or "prison conditions" (in nearly every instance) as the bases for his Petition, he ultimately refers to "working conditions" and "unsanitary conditions" at the Federal Medical Center in Devens, Massachusetts ("FMC Devens") as being likely conducive to the spread of COVID-19, thus threatening his health in violation of his constitutional rights. Petition, ECF No. 1, at ¶¶ 33 n. 9, 40, 43-47. Petitioner further claims his advanced age (56 years old), and his major medical conditions (significant heart/cardiovascular disease, hyperlipidemia, chronic bronchitis, obesity, severe obstructive sleep apnea syndrome, testicular cancer, hypogonadism, benign prostatic hypertrophy, gastro-esophageal reflux disease, and degenerative lumbar disc

disease), make him particularly vulnerable to contracting the virus. Petition, ECF No. 1, at ¶¶ 28-29; ECF No. 2, at ¶¶ 9-13. Unlike the habeas petitions filed by other similarly situated federal convicts, wherein they have unsuccessfully alleged that prison conditions violated their constitutional rights and necessitated the courts' intervention to provide compassionate release, Petitioner argues that, irrespective of the allegedly unsafe prison conditions, it is Respondent's failure to uniformly apply the CARE Act in response to Petitioner's initial request for compassionate release which gives rise to his claims of constitutional violations. Petition, ECF No. 1, at ¶¶ 4 n. 3, 5, 6, 9, 36, 45-47. As a result, Petitioner seeks release or transfer to home confinement and immediate conditional release pending the implementation of his requested relief. Petition, ECF No. 1, at ¶¶ 1, 3.

Respondent moves for dismissal of Petitioner's claims pursuant to Fed. R. Civ. P. 12(b)(1) for want of jurisdiction, and (b)(6) because they are without merit and fail on several grounds. *First*, Petitioner's challenge to conditions of his confinement, albeit done with artfully deceptive language to avoid clearly challenging his confinement conditions using a habeas petition under 28 U.S.C. § 2241, is improper. Crooker v. Grondolsky, No. 12-12106-GAO, 2013 WL 101588, at *2 (D. Mass. Jan. 4, 2013); s*ee also* Nelson v. Campbell, 541 U.S. 637, 643 (2004). *Second*, the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, places strict limitations on a court's ability to order the release of inmates "in any civil action in Federal court with respect to prison conditions …" and precludes a single district judge from doing so, as Petitioner requests. 18 U.S.C. § 3626(a)(3)(B). *Third*, Petitioner has not and cannot establish that Respondent has been deliberately indifferent to his medical needs. As explained further in the memorandum of law filed herewith, FMC Devens has taken appropriate steps to mitigate the risk of COVID-19 throughout its inmate population, including implementing the BOP's national response to prevent the introduction and spread of COVID-19 into the BOP, and implementing a number of other measures including providing inmate and staff education; conducting inmate and staff screening; putting into place testing, quarantine, and isolation

procedures in accordance with BOP policy and CDC guidelines; ordering enhanced cleaning and medical supplies; and taking a number of other preventative measures.

Finally, the Petition and some of its supporting exhibits are incomplete and inaccurate representations to this Court. As discussed *infra* (*see* Compassionate Release-Reduction In Sentence Correspondence ("RIS Corr."), attached hereto as Exhibit G, which contains all the relevant, chronological documentation for the correspondence Petitioner partially disclosed in his exhibits 5, 6, and 7 (ECF Nos. 4-4, 5-5, and 4-6)), Petitioner selectively withheld certain documents from this Court regarding the complete written record of his requests for compassionate release, in an effort to avoid the clearly contradictory statements he made in the course of his compassionate release requests, and which undermine the credibility of the assertions in his Petition. By filing his Petition and submitting such incomplete exhibits, Petitioner is disingenuously speaking out of both sides of his mouth and attempting to mislead this Court.

For these reasons, as more fully set forth in the accompanying memorandum of law, Respondent moves this Court to dismiss the Petition.

                                Respectfully submitted,

                                ANDREW E. LELLING
                                United States Attorney

By:   */s/ Rayford A. Farquhar*
       Rayford A. Farquhar
       Michael Sady
       Assistant United States Attorneys
       United States Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Dated: July 14, 2020              Rayford.Farquhar@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Rayford A. Farquhar, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                 */s/ Rayford A. Farquhar*
                                                 Rayford A. Farquhar
Dated: July 14, 2020                              Assistant United States Attorney

## LOCAL RULE 7.1 CERTIFICATION

    I, Rayford A. Farquhar, hereby certify that pursuant to L.R. 7.1(a)(2), this office conferred with Petitioner's counsel in an attempt to narrow or resolve the issues raised by this motion.

                                                 */s/ Rayford A. Farquhar*
                                                 Rayford A. Farquhar
Dated: July 14, 2020                              Assistant U.S. Attorney